Fowler, J.
 

 (on motion for rehearing).
 
 The appellant city of West Allis moves for a rehearing. The ground oí the motion is that the court wrongly stated in its opinion that the
 
 *399
 
 assessments involved were made under sec. 62.20, Stats., and the bonds were issued under sec. 62.21 (2) (c), Stats. 1931, whereas the bonds were issued under ch. 406, Laws of 1927, which first provided for the issuance of area bonds. But although the latter statement is correct it does not affect the application of the statutes cited because sec. 2 (1) (d) of ch. 406, Laws of 1927, provides that “if any instalment so entered on the tax roll shall not be paid to the city treasurer with the other taxes it shall be returned to the county as delinquent and accepted and collected by the county in the same manner as delinquent general taxes on real estate.” The statutory provisions first cited governed the matter of collection and the rights of the county and the “owners” of the bonds under the tax sale certificate to the county. These statutes were the same in Stats. 1931 as they were in Stats. 1927 when ch. 406, Laws of 1927, of that year was enacted; and sec. 62.21 (2) (c) was enacted by sec. 2 (2) (c) of ch. 406, Counsel for movant is correct in stating as he does in his brief on the motion that “The problem in the case at bar is to find the true sense in which the legislature used the language it employed in writing ch. 406, Laws of 1927,-specifically sec. 62.21 (1) (d)” above quoted. We think we correctly carried out that “true sense” in the opinion filed.
 

 Complaint is also made that
 
 Gross v. Sommers,
 
 225 Wis. 266, 271 N. W. 11, 274 N. W. 255, was decided on statutes enacted before ch. 406, Laws of 1927, was enacted, and consequently that case does not govern bonds issued under that chapter as we held in the opinion. But it necessarily covers those bonds, because it covers “special improvement bonds” and the bonds issued under ch. 406, Laws of 1927, are such bonds, and no provision is made for their collection in case, of nonpayment with general taxes other than that provided by sec. 62.21 (2) (c), Stats.
 

 It is claimed in the brief
 
 amicus curice
 
 filed on the motion that sec. 62.16 (7) (c), Stats. 1925, somehow affected the
 
 *400
 
 rights of the instant parties. The provision is “any special assessment for the construction of any local improvement shall be a lien on behalf of the municipality making the improvement on the property assessed.” This must refer to instances where the city pays for the improvement in “cash” as it may do under sec. 62.20 or “with certificates or bonds.” Obviously when paid for by certificates the lien is not in favor of the city, but in favor of the certificate holder, and when paid for in bonds it is in favor of the bondholder. The city has no interest to protect as it is under no obligation to pay when payments are made in certificates or bonds and consequently it can have no lien in such cases unless it subsequently acquires the certificates or bonds, in which case the lien is in its favor as owner of the certificates or bonds. Anyhow, if the city had a lien, however it came into existence, its lien was subject to be lost under the limitation of sec. 75.20 and the city lost its lien by not becoming an “owner” under that statute as pointed out in the opinion heretofore filed by purchase at the tax sale because of nonpayment by the landowner.
 

 By the Court.
 
 — The motion for rehearing is denied, with $25 costs against the city of West Allis.